IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 13-01234 |
| **ALVIN BLACKMON** | * | CHAPTER 13 |
| Debtor. | * | |
| **ALVIN BLACKMON** | * | |
| Plaintiff, | * | |
| vs. | * | ADVERSARY PROCEEDING |
| **THAMES, JACKSON & HARRIS**, **GUS THAMES** **BANKTRUST AS TRUSTEE FOR GUS B. THAMES**, | * | |
| Defendant. | * | |

**COMPLAINT**

COME NOW Debtor and through counsel files this Complaint to Determine Secured Status of Claim, showing to this Honorable Court the following:

1.

Jurisdiction is appropriate pursuant to 28 U.S.C. Section 1334; and, the Order of Referral entered by the Unites States District Court Southern District of Alabama. Venue is appropriate pursuant to 28 U.S.C. Section 1409. This matter is a core proceeding as defined in 28 U.S.C. Section 157(b)(2)(A) and (B).

2.

This Complaint is brought pursuant to 11 U.S.C. Section 506(a) and (d); Rule 3012 F. R.

Bankr. P.; and, Rule 9014 F. R. Bankr. P.

3.

Defendant **Thames, Jackson, Harris Company, Inc** (hereinafter referenced as "**Thames, Jackson & Harris**") is a domestic, for profit corporation, which may be served by first class mail to its Alabama agent for service of process, to-wit:

>  **WILLIAM, THAMES**
>  **60 ST FRANCIS ST**
>  **MOBILE, AL 36602**

4.

Defendant **Thames, Jackson & Harris** may also be served by first class mail at it's principal office, to-wit:

>  **Thames, Jackson and Harris Company, Inc.**
>  **60 ST. FRANCIS ST**
>  **MOBILE, AL 36602**

5.

Defendant **Thames, Jackson & Harris** may also be served by first class mail to other addresses known to be associated to their company, to-wit:

>  **BARRY A. FRIEDMAN**
>  **257 ST. ANTHONY ST.**
>  **MOBILE, AL 36603**

Defendant **Thames, Jackson & Harris** may also be served by first class mail to other addresses known to be associated to their company, to-wit:

>  **BANKTRUST AS TRUSTEE FOR GUS B. THAMES**
>  **107 ST. FRANCIS ST.**
>  **MOBILE, AL 36602**
>
>  **SERVED ALSO VIA**
>  **BERRY A. FRIEDMAN**
>  **257 ST. ANTHONY ST.**

**MOBILE, AL 36603**

6.

The instant Chapter 13 case was initiated by the filing of Debtor's voluntary petition on April 10th, 2013. Debtor's 341 Meeting of Creditors was scheduled for May 23rd 2013 and has been since reset to September 12th, 2013.

7.

Debtor's Schedule A reflects his ownership interest in residential real property located at 252 Sanders Rd. Prichard, Alabama 36610 (hereinafter referenced as "the Property"). Debtor lists fair market value of the Property as **$28,900.00**.

8.

The Property has been, and remains, Debtor's principal residence since the year sometime in August 31st, 1976.

9.

At the initiation of the filing, the Debtor reviewed **two sources** in an effort to value his home. The Mobile County Department of Revenue valued her property at a Fair Market Value of $28,900.00. (Exhibit "A") Zillow.com valued her property at a Fair Market Value of $32,975.00. (Exhibit "B") Documentation of these values are attached as Exhibit "A".

10.

Debtor's Schedule D reflects that the Property is subject to two mortgage liens. The first priority mortgage is held by **Springleaf**, in the total, approximate amount of **$43,219.00.** Based upon the two valuations listed above, the amount of the first-priority mortgage exceeds the value of the Property.

11.

Debtor's property is also subject to the second-priority mortgage held by the **Defendant**

Case 13-00063    Doc 1    Filed 09/11/13    Entered 09/11/13 15:19:25    Desc Main
Document    Page 3 of 5

in the amount of **$15,961.81**. Based upon the value of the Property, and the amount of the first-priority mortgage, there is no equity in the Property to which **Defendant** mortgage lien can attach.

12.

**Defendant's** claim is not secured by any other property of Debtor or Debtor's bankruptcy estate.

13.

Pursuant to 11 U.S.C. Section 506(d), Defendant's lien against the Property should be declared void.

14.

Pursuant to 11 U.S.C. Section 506(d), Defendant's claim should be deemed wholly unsecured.

WHEREFORE, Debtor prays:

(a) that this "Complaint to Determine Secured Status of Claim" be filed, read, and considered;

(b) that a time, date, and place be set for a hearing on the issues raised herein;

(c) that this motion be grated and **Defendant's** lien be determined to be void;

(d) that **Defendant's** claim be deemed a wholly unsecured claim; and,

(e) that this Honorable Court grant such other and further relief as it deems just and proper.

Respectfully Submitted,

/s/ Stephen L. Klimjack
STEPHEN L. KLIMJACK (KLI005)

Stephen L. Klimjack, LLC
1306 Government Street
Mobile, AL 36604
(251) 694-0600
(251) 694-0611

**CERTIFICATE OF SERVICE**

I do hereby certify that on this the 11th day of September, 2013, a copy of the foregoing document was served on the Trustee John C. McAleer, III, via the U.S. Bankruptcy Court Electronic Filing Service, and the following parties via U.S. Certified Mail:

**Thames, Jackson and Harris Company, Inc.
60 ST. FRANCIS ST
MOBILE, AL 36602**

**BARRY A. FRIEDMAN
257 ST. ANTHONY ST.
MOBILE, AL 36603**

**BANKTRUST AS TRUSTEE FOR GUS B. THAMES
107 ST. FRANCIS ST.
MOBILE, AL 36602**

  /s/Stephen L. Klimjack
STEPHEN L. KLIMJACK